NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RODNEY PHILLIPS,

        Plaintiff,

  v.

PAUL GREBEN, et al.,

        Defendants.

CIVIL NO. 04-5590 (GEB)

**MEMORANDUM OPINION**

<u>**BROWN, Chief United States District Judge**</u>

    This matter comes before the Court upon Motion for Appeal of the Magistrate Judge's January 25, 2006 Order by Plaintiff Rodney Phillips (hereinafter "Plaintiff") and upon Motion for Summary Judgment by Defendants Paul Greben, Darlene Roberto, Roselle Board of Education and John Does (hereinafter "Defendants") [Docket Entry #'s 24 and 27]. The action was reassigned to the undersigned on October 26, 2006, and the Court, having read and fully considered all of the parties' submissions, has decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Plaintiff's Motion for Appeal is denied and Defendants' Motion for Summary Judgment is granted.

**I.    BACKGROUND**

    Plaintiff filed his Complaint on November 15, 2004. The Complaint contains three counts which all allege violations of Plaintiff's Fourteenth Amendment procedural due process rights under Title 42, United States Code, Section 1983. Plaintiff is a teacher in the Roselle, New Jersey public school system, who was hired on June 16, 1997. (Compl., ¶ 9). Plaintiff

began instructing as a Subject Area Teacher for students K-12. (*Id.*). During the spring and summer of 2004, observers who included staff members and Washington Elementary School Principal Nancy Romano reported Plaintiff's behavior as "erratic." (Def. Summary Judgment Motion, p. 7). Thereafter, Principal Romano contacted Superintendent Darlene Roberto, Assistant to the Superintendent Paul Greben and Alan Roth, Esq., the school board's attorney to notify them of Plaintiff's behavior. (Sandelands Certif. at Exhibit F).

On August 2, 2004, Mr. Greben sent Plaintiff via certified mail a letter advising him that the Roselle Board of Education was meeting on August 4, 2004 and that "the Board of Education may discuss terms and conditions of your employment in the Executive Session." (*Id.* at Exhibit G). Plaintiff did not physically appear at the meeting but did have union representation appear in his place. (*Id.* at Exhibit B). At the meeting, Plaintiff's situation was discussed, but tabled because Superintendent Roberto was not present. (*Id.*).

Thereafter, on or about August 31, 2004, a letter from Superintendent Roberto was sent to Plaintiff via certified mail. The letter stated that the Board of Education "pursuant to N.J.S.A. 18A:1602, hereby orders you to attend a fitness for duty examination based upon reported erratic behavior, which you have displayed." The letter further notified Plaintiff that he would be removed from teaching duties, effective September 8, 2004, pending the results of the examination. (*Id.* at Exhibit H).

On or about September 7, 2004, Plaintiff's attorney, Ashton Thomas, wrote to Superintendent Roberto stating that Plaintiff "has not been presented with any allegation to support such a finding [that Plaintiff be subjected to a fitness for duty examination]." (*Id.* at Exhibit J). No request for a hearing was made, however.

In response to Mr. Thomas' letter, the school board's attorney, Mr. Roth, sent a letter which cited N.J.S.A. 18A:16-2 and stated: "[S]tarting in January 2004 and continuing through to the end of the school year, there were ongoing issues between the Principal, Nancy Romano and Mr. Phillips.  Ms. Romano addressed them first with Mr. Phillips and then with Darlene M. Roberto . . . The issues were so disconcerting to Superintendent Roberto that she transferred Mr. Phillips from his teaching position to teach [at the high school].  Further . . . the Board of Education discussed the issue of requiring Mr. Phillips to attend a fitness of duty examination . . . Mr. Phillips was given notice . . . but did not attend."  The letter went on to provide New Jersey citations upholding the constitutionality of N.J.S.A. 18A:16-2.

Thereafter, by correspondence dated September 9, 2004, Mr. Roth notified Plaintiff through Mr. Thomas that the board of education intended to discuss Plaintiff's fitness for duty examination at its next meeting scheduled for September 13, 2004.  The notification was referenced as a Rice Notice.  (*Id.* at Exhibit M).

Plaintiff and his attorney Mr. Thomas appeared at the September 13, 2004 board meeting, and Mr. Thomas spoke on Plaintiff's behalf.  The board determined that a fitness for duty examination was appropriate and ordered that Plaintiff attend said examination.  (*Id.* at Exhibit N).  Plaintiff agreed to submit to a fitness for duty examination under protest via letter from Mr. Thomas to Mr. Roth dated September 14, 2004.  (*Id.* at Exhibit O).  No request for a hearing was made, nor any notification of intent to appeal.  To date, no appeal has been filed.

Plaintiff appeared for the fitness for duty examination on September 15, 2004.  In October of 2004, the results of Plaintiff's examination became available.  The findings were that Plaintiff was fit for duty.  The board adopted the findings and Plaintiff was reinstated to active

teaching status in October of 2004.  From September 8, 2004 until October, 2004, Plaintiff was placed on paid administrative duty.  No wage loss or benefit loss was incurred by Plaintiff as a result of that administrative duty.  (*Id.* at Exhibits B and O).

After Plaintiff filed his Complaint, pretrial discovery ensued.  The Honorable Patty Shwartz, United States Magistrate Judge, entered a Pretrial Scheduling Order on June 13, 2005.  The Order did not set a deadline by which parties may amend their pleadings. (Docket, Entry # 9).  On November 23, 2005, Plaintiff was evaluated by Dr. William Head, Defendants' expert psychiatrist.  (Plaintiff's Motion for Appeal, p.1).  Dr. Head's report was allegedly furnished to Plaintiff on December 19, 2005.  (*Id.*).  On December 14, 2005, Judge Shwartz entered an Order which directed that discovery be completed no later than January 11, 2006, among other deadlines set.  No deadline was set for the parties to amend their pleadings.

Thereafter, on January 3, 2006, Plaintiff forwarded to Judge Shwartz an informal request to amend his Complaint based upon the Dr. Head's written evaluation of Plaintiff.  (Docket, Entry #'s 18, 20).  On January 11, 2006, Plaintiff forwarded to Defendants a supplemental expert report by Dr. Kleinman.  On January 12, 2006, Judge Shwartz entered an Order directing Plaintiff to submit a letter as to whether or not good cause exists under Federal Rule of Civil Procedure 16 to adjust the Pretrial Scheduling Order.  (*Id.* at 20).  On January 25, 2006, Judge Shwartz conducted a telephone conference with the parties regarding Plaintiff's request to amend the Complaint and regarding Dr. Kleinman's supplemental expert report.  (*Id.*).  During the conference call, Judge Shwartz stated, in part, that "[T]he Court does not find that there is good cause for having waited, until after discovery was closed practically - more than one month after discovery was closed to raise this request.  So, under Rule 16, the Court is denying the

application." (*Id.*). On January 26, 2006, Judge Shwartz entered an Order codifying her findings as stated during the January 25, 2006 conference call and denying Plaintiff's request to amend his Complaint. (*Id.* at 22). The Order further stated that Plaintiff was barred from introducing the contents of Dr. Kleinman's supplemental expert report during the doctor's direct testimony, but allowed Plaintiff to permit the expert to testify about the contents of the supplemental report during redirect examination or in Plaintiff's rebuttal case if Defendants "open[ed] the door" to issues implicated in the supplemental report or to rebut the testimony of the Defendants expert. (*Id.*). On February 6, 2006, Plaintiff filed an appeal of Judge Shwartz's January 26, 2006 Order. (*Id.* at 24).

## II.   STANDARD OF REVIEW

### A.   Appeal of a Magistrate Judge's Order

A district court may reverse a magistrate judge's determination of a non-dispositive issue only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also F.R.Civ.P. 72(a); L.Civ.R. 72.1(c)(1); see also Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1113 (3d Cir. 1986), cert. denied, 484 U.S. 976 (1987); Lithuanian Commerce Corp. v. Sara Lee Hosiery, 177 F.R.D. 205, 213-14 (D.N.J.1997). A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995)(quoting United States v. U. S. Gypsum Co., 333 U.S. 364, 395 (1948)). A district court may not take into consideration any evidence that was not put forth before the magistrate judge when reviewing the magistrate judge's factual determination. Haines v. Liggett Group, Inc., 975 F.2d 81, 92 (3d Cir. 1992). Under the clearly erroneous standard, the

reviewing court will not reverse the magistrate judge's determination even if the court might have decided the matter differently. Cardona v. Gen. Motors Corp., 942 F. Supp. at 971 (quoting Toth v. Alice Pearl, Inc., 158 F.R.D. 47, 50 (D.N.J. 1994). The court, however, will review a magistrate judge's legal conclusions *de novo*. Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

"Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." Id.; see also 12 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 3069  (2d ed. 1997)("many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis"). The deferential standard of review is particularly appropriate in the case where the magistrate judge managed the case from the outset, and thus has a thorough knowledge of the proceedings. Cooper Hosp., 183 F.R.D. at 127 (quoting Public Interest Research Group v. Hercules, Inc., 830 F. Supp. 1525, 1547 (D.N.J. 1993), aff'd on other grounds and rev'd on other grounds, 50 F.3d 1239 (3d Cir.1995)).

**B.     Summary Judgment**

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996); Healy v. New York Like Ins. Co., 860 F.2d 1209, 1219, n.3 (3d Cir. 1988), cert. denied, 490 U.S. 1098 (1989); Hersh v. Allen Prod. Co., 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in

favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

Rule 56(e) of the Federal Rules of Civil Procedure provides, in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

F.R.Civ.P. 56(e). The rule does not increase or decrease a party's ultimate burden of proof on a claim. Rather, "the determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." Anderson, 477 U.S. at 255-56.

Under the rule, a movant must be awarded summary judgment on all properly supported issues identified in its motion, except those for which the non-moving party has provided evidence to show that a question of material fact remains. See Celotex, 477 U.S. at 324. Put another way, once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, for example, with affidavits, which may be "supplemented . . . by depositions, answers to interrogatories, or further affidavits," id., "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586, n.12; see also Anderson, 477 U.S. at 247-48 ("[B]y

its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion . . . the requirement is that there be no *genuine* issue of *material* fact.") (emphasis in original).

What the non-moving party must do is "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324: see also Lujan v. National Wildlife Fed., 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); Anderson, 477 U.S. at 249; Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992) ("To raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant" but rather must exceed the 'mere scintilla' threshold.), cert. denied, 507 U.S. 912 (1993).  Here, the material facts are undisputed, and thus, the matter is ripe for summary judgment.

### III.   ANALYSIS

#### A.   The Magistrate Judge's January 26, 2006 Order Did not Constitute an Abuse of Discretion and Was Not Clearly Erroneous or Contrary to Law

##### i.   Motion to Amend Complaint

Plaintiff alleges that the Magistrate Judge erred in the January 26, 2006 Order denying Plaintiff's motion to amend the Complaint under F.R.Civ.P. 16(b) for failure to show good cause as no deadline to amend was set forth in the Magistrate Judge's scheduling orders.  Because no deadline was set forth, Plaintiff argues that the more liberal standard of F.R.Civ.P. 15(a) should have been applied.  Plaintiff points out that Rule 15 provides that requests to amend pleadings "shall be freely given when justice so requires." F.R.Civ. P. 15(a).

Defendants oppose Plaintiff's appeal and argue that review under Rule 16(b) was proper, and that even if the Magistrate Judge had considered Plaintiff's request under Rule 15(a), Plaintiff's request would nevertheless be denied due to the Magistrate Judge's findings of undue prejudice, delay and costs that both parties would incur if the amendment would have been permitted.

Rule 16(b) provides that a plaintiff must establish good cause before being allowed to amend his pleadings.  Further, a Magistrate Judge has the discretion in determining what kind of showing the moving party must make in order to satisfy Rule 16(b)'s good cause requirement. See 3 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 16.14[1][b] (Matthew Bender 3d ed. 1997).  The determination as to whether good cause exists depends upon the diligence of the moving party (Rule 16(b) advisory committee's note; Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 469 (D.N.J. 1990)) and good cause may be satisfied if the movant shows that their delay in filing the motion to amend stemmed from "any mistake, excusable neglect or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order." Newton v. Dana Corp. Parish Division, 1995 WL 368172, at *1 (E.D.P.A. 1995) (quoting Gestener Corp. v. Case Equipment Co., 108 F.R.D. 138, 141 (D.Me. 1985).  Rule 16(b)'s good cause requirement must also be read in conjunction with Rule 15(a)'s directive that leave to amend be "freely given" such that both standards are met before amendment is allowed.  Reynolds v. Borough of Avalon, 799 F. Supp. 442, 450 (D.N.J. 1992).

Rule 15(a) provides that amendment be granted unless there is evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962).

      This Court finds that the Magistrate Judge properly considered Rule 16(b) when she denied Plaintiff's motion to amend his Complaint. Although no set date to amend the pleadings was provided in the scheduling orders the Magistrate Judge issued, it was certainly clear that any possibility to amend the pleadings would expire when discovery closed. Further, as the Magistrate Judge noted during the telephone conference conducted on January 25, 2006, most of the factual information needed to support the proposed additional claim was available to Plaintiff well before the expiration of discovery, and as early as the time of Plaintiff's alleged deprivation. See Transcript of January 25, 2006 Telephone Conference. As such, the Magistrate Judge reasonably determined that Plaintiff failed to demonstrate good cause as to such a late attempt to amend his Complaint. The Magistrate Judge then determined, in consideration of Rule 15(a), that to allow such an amendment would unduly prejudice the Defendants, and add additional undue cost and delay. Although it appears that the Magistrate Judge did not directly address the issue of futility, such analysis was not required as each factor is autonomous and each alone can serve as a basis for denying a request to amend a pleading. See Cornell & Co. V. Occup. Safety and Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978) (holding that undue prejudice is the "touchstone for the denial of leave to amend" and that in its absence, a court must then look to the other factors, among which is futility); Leased Optical Departments v. Opti-Center, Inc., 120 F.R.D. 476, 478 (D.N.J. 1988) (holding that undue delay is a sufficient ground alone to deny an amendment).[1]

---

[1] Plaintiff asserts that futility is "central to the decision whether to grant leave to amend" and that if a proposed amendment is not clearly futile, "then a denial of leave to amend is

Consequently, the Court finds that the Magistrate Judge's Order was neither clearly erroneous nor contrary to law. Furthermore, the Magistrate Judge has been actively involved in discovery and has a thorough knowledge of the proceedings in this matter and is to be accorded deference under the standard set forth above. Plaintiff has made no showing of an abuse of discretion by the Magistrate Judge and the Court finds none. Therefore, Plaintiff's appeal of the Magistrate Judge's January 26, 2006 Order regarding Plaintiff's motion to amend his Complaint is denied.

      ii.      **Supplemental expert report**

Plaintiff next appeals the Magistrate Judges January 26, 2006 Order regarding Dr. Kleinman's supplemental expert report. Plaintiff asserts that because he did not receive Dr. Head's expert report until December 19, 2005, he should not have been held to the January 11, 2006 discovery deadline, and if he was to held to that deadline, the supplemental report by Dr. Kleinman should still be admissible because January 11, 2006 was the last day of discovery pursuant to the Magistrate Judges previous scheduling order.

However, there is no provision within the Magistrate Judges Orders nor within the local or federal civil rules that permit supplemental expert reports. Further, the deadline for expert reports was different than the deadline for discovery. As set forth in Judge Shwartz's October 11, 2005 Scheduling Order, all "responding" expert reports were to be delivered by December 20, 2005. Further, any extensions regarding said deadline had to be requested in advance of the

---

improper." Plaintiff cites to <u>Harrison Beverage Co. v. Dribeck Importers</u>, 133 F.R.D. 463, 468 (D.N.J. 1990) for this proposition. However, after careful review, the Court finds that the <u>Harrison</u> holding does not make such a finding. Rather, the court in <u>Harrison</u> found that undue prejudice or undue delay alone would justify a denial of a proposed amendment, and that only in their absence would a review of futility be necessary.

-11-

expiration of said deadline. Plaintiff failed to do so. If Plaintiff had wanted to file a supplemental expert report to Defendants timely filed responsive report, Plaintiff would first have needed to request permission to file said report, and then request an extension of time with which to obtain and serve said report. Plaintiff did neither. The terms of the scheduling orders were specific and clear.

Despite Plaintiff's failures to request permission to file a supplemental report and for an extension of time with which to serve, the Magistrate Judge nevertheless permitted Plaintiff to utilize the supplemental report in redirect or rebuttal if the issues implicated in the supplemental report are raised by Defendants their cross-examination. As such, the Magistrate Judge's determination regarding Plaintiff's supplemental expert report was neither clearly erroneous or contrary to law. Plaintiff's appeal of the Magistrate Judge's January 26, 2006 Order is denied.

**B.     Defendants are Entitled to Summary Judgment as a Matter of Law**

Defendants move for summary judgment and assert that N.J.S.A. 18A:16-2 is constitutional and that Plaintiff's procedural due process rights were not violated because the board of education complied with the statute's requirements, because Plaintiff failed to avail himself of the procedural safeguards in existence including the right to request a hearing and the right to appeal, and because Plaintiff cannot show a deprivation of employment.

N.J.S.A. 18A:16-2 provides, in relevant part, that "[T]he board [of education of any district in the State of New Jersey] may require individual psychiatric or physical examinations of any employee, whenever, in the judgment of the board, an employee shows evidence of deviation from normal, physical or mental health." The constitutionality of N.J.S.A. 18A:16-2 has been upheld both in federal and state courts, with findings that the interest of the State of

New Jersey to protect its youth outweighs the individual constitutional rights of the teacher or employee in question.  See Hoffman v. Jannarone, 401 F. Supp. 1095 (D.N.J. 1975) (rev'd in part); Gish v. Board of Ed. of Borough of Paramus, Bergen County, 145 N.J.Super., 96, 104-105 (App. Div. 1976).

Procedurally, the implementation of N.J.S.A. 18A:16-2 requires that the teacher or employee be provided with a statement outlining the reasons the board in question is ordering said teacher or employee to submit to the fitness for duty examination, as well as an opportunity for a hearing, if such a hearing is requested.  Further, a teacher or employee has a right to appeal from an adverse decision to the State Board of Education under N.J.S.A. 18A:6-27.  Curcio v. Collingswood Bd. of Educ., 2006 WL 1806455 at * 10 (slip op.) (D.N.J. 2006); Kochman v. Keansburg Board of Education, 124 N.J.Super. 203, 213-14 (Ch. Div. 1973).  "With such procedural safeguards the application of N.J.S.A. 18A:16-2 will not violate due process." Kochman at 214.

Based on the record before It, this Court cannot find any error regarding the manner or method in which the Roselle Board of Education conducted itself.  Further, there is no basis with which to allege any violations of constitutional rights against the superintendent or assistant to the superintendent.

Specifically, Plaintiff alleges that Defendants violated his procedural due process when the board of education compelled Plaintiff to submit to a fitness for duty examination before a full adversarial proceeding was conducted.  However, there is no such right set forth in either N.J.S.A. 18A:16-2 or N.J.A.C. 6:3-4A.4(e).  Defendants were merely required to provide Plaintiff with a statement of reasons, and with a hearing if one was requested.

Indeed, Defendants did provide two separate statements of reasons which were sent to Plaintiff and his counsel in late August and early September. The first was this letter to Plaintiff dated August 31, 2004, which stated that he was ordered to attend a fitness for duty examination due to "erratic behavior" he had reportedly displayed. The second was a letter to Plaintiff's attorney, Mr. Thomas, from Mr. Roth, the school board's attorney sent in early September. The letter went into detail with regards to Plaintiff's behavior, specifically discussing the issues between Plaintiff and Principal Romano, and the concern that Superintendent Roberto had regarding the issues and that the concern had grown to a level that compelled Superintendent Roberto to transfer Plaintiff from the elementary school to the high school. These letters satisfy the statement of reasons requirement.

Further, there is nothing in the record that provides any evidence that Plaintiff requested a hearing. Although Plaintiff references the September 9, 2004 correspondence from Mr. Roth to Plaintiff through Mr. Thomas, the "Rice Notice" is not an acknowledgment of a hearing request, but rather, an acknowledgment of the requirement that this Board notify an individual employee if said employee will be discussed at a future meeting. Therefore, Plaintiff fails to demonstrate that a hearing was ever requested. And although not a requirement of the Board of Education, Plaintiff also failed to avail himself of the appellate process established under Kochman.

Because there are no procedural due process violations presented in the record, all procedural due process violations alleged in Plaintiff's Complaint shall be dismissed. Further, as no procedural due process violation has been proven, Plaintiff cannot sustain a § 1983 claim, which requires a constitutional rights violation, as both federal and state courts have found that no constitutional rights are violated when N.J.S.A. 18A:16-2 is implemented. See Infra.

-14-

Therefore, Plaintiff has provided no question of fact and Defendants are entitled to summary judgment as a matter of law.  Plaintiff's Complaint shall therefore be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Appeal the Magistrate Judge's January 26, 2006 Order is denied and Defendants' Summary Judgment Motion is granted.

                                s/Garrett E. Brown, Jr.
                                **HONORABLE GARRETT E. BROWN, JR.**
                                **CHIEF UNITED STATES DISTRICT JUDGE**

Dated: October 27, 2006